FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK APR 22 PM 3: 13
-----------------------------------------------------------X   Case No.
STELLA L. TOWNSEND, on behalf of herself
individually and all others similarly situated,

                      Plaintiff,

       -against-

LVNV FUNDING, LLC., AND
LEADING EDGE RECOVERY SOLUTIONS, LLC.,

                      Defendants.
-----------------------------------------------------------X

09- 1656
CLASS ACTION
COMPLAINT
MATSUMOTO, J.

GOLD, M.J.

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

## INTRODUCTION

    1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## PARTIES

    2.    Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, § 1692a(3).

    3.    Upon information and belief, first-named defendant, LVNV Funding, LLC (hereinafter "LVNV") is a debt collector, as defined pursuant to 15 U.S.C. § 1692a(6).

Upon information and belief, said defendant is a foreign business corporation incorporated under the laws of the state of Delaware.

4. Upon information and belief, second-named defendant, Leading Edge Recovery Solutions, LLC (hereinafter "Leading Edge") is a debt collector, as defined pursuant to 15 U.S.C. § 1692a(6). Upon information and belief, said defendant is a foreign business corporation incorporated under the laws of the state of Illinois.

## JURISDICTION AND VENUE

5. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff re-alleges paragraphs 1 to 5 as if fully re-stated herein.

7. That on diverse dates including on or about September 15, 2006, defendant's debt collector at that time, Northland Group, Inc., (hereinafter "Northland") sent a collection letter to plaintiff in an attempt to collect an alleged consumer debt incurred for personal purposes. Plaintiff received said letter.

8. That, following the plaintiff's receipt of the aforesaid letter, plaintiff conferred with her attorney, Concetta Puglisi, Esq. Ms. Puglisi sent a letter to Northland on or about November 13, 2006. In the letter Ms. Puglisi advised Northland that she represented plaintiff and that plaintiff was disputing the debt Northland was attempting to collect. In the letter Ms. Puglisi asked Northland to provide documentation supporting its claim. Ms. Puglisi further advised Northland in the letter that plaintiff should not be contacted directly regarding this debt. A copy of this letter is attached as Exhibit "1".

9. That Northland sent a letter to Ms. Puglisi on or about November 22, 2006 acknowledging receipt of Ms. Puglisi's letter and stating that plaintiff's account had been closed and returned to LVNV. Northland's letter also stated that Northland had forwarded Ms. Puglisi's letter to LVNV. A copy of Northland's letter is attached as Exhibit "2".

10. That, notwithstanding Ms. Puglisi's letter which was sent to LVNV, LVNV caused Leading Edge to send yet another collection letter directly to plaintiff at her home. A copy of this letter is attached as Exhibit "3".

11. That said letter to plaintiff constitutes improper direct contact with plaintiff with full knowledge that she is represented by counsel in the matter and is in violation of the FDCPA, including but not limited to § 1692c(a)(2). Said letter also violates § 1692e(10), as a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

## AS AND FOR A SECOND CAUSE OF ACTION

12. Plaintiff re-alleges paragraphs 1-11 as if fully re-stated herein.

13. That Leading Edge's initial letter to plaintiff dated May 1, 2008 attached as Exhibit "3" states that the balance of the debt is $9,119.03. On information and belief, the balance of the debt has continued to increase since said defendant's sending of the initial letter to plaintiff. Said defendant's letter to plaintiff fails to state that interest and/or other charges may continue to accrue to the balance of the debt. Said defendant's letter therefore violates the FDCPA, including but not limited to §§1692g(a) and 1692e(10) by failing to adequately state the amount of the debt and as a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

14. The said letter also violates the FDCPA § 1692e(2)(A) by falsely representing the character, amount or legal status of the debt.

## AS AND FOR A THIRD CAUSE OF ACTION

15. Plaintiff re-alleges paragraphs 1-14 as if fully re-stated herein.

16. That Leading Edge's letter to plaintiff dated May 1, 2008 states, in pertinent part:

> "We must determine whether you have willful intentions in resolving this indebtedness. Furthermore, we have been authorized to decide whether we should refer this matter to our client's attorney network for a review to determine whether legal action should be commenced against you... we hereby demand that you remit payment in full within 30 days of receiving this notice to prevent the possibility of your account being sent for a legal review."

17. That said statements constitute a threat to take legal action against plaintiff and were meant to create a false sense of urgency. That no legal action was commenced against plaintiff regarding the debt and defendant Leading Edge had no authority to do what was threatened in the said letter. That said statements constitute a threat to take action that was not intended to be taken in violation of the FDCPA, §§1692e(5) and 1692e(10).

## CLASS ALLEGATIONS

18. That plaintiff re-alleges paragraphs 1-17 as if fully re-stated herein.

19. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons whom defendant's Leading Edge's records reflect resided in the United States and who were sent a collection letter (a) bearing said defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about May 1, 2008; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service

as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692g(a), 1692e(10), 1692e(2)(A) and 1692e(5).

20. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are the gravamen of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant Leading Edge which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim is whether defendant Leading Edge violated the FDCPA by sending collection letters which fail to state that interest and/or other charges would continue to accrue on the balance of the debt and by threatening to take an action that is not intended to be taken.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiff's interests are consistent with those of the members of the class.

21. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. That if the facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. That communications from debt collectors, such as those sent by the defendant Leading Edge, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

24. That as a result of the above violations, defendants are liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

25. That defendants violated the FDCPA. Defendants' violations include, but are not limited to:

(a) unlawfully contacting the plaintiff directly with full knowledge that plaintiff is represented by counsel and after being advised by said counsel not to contact her client directly, in violation of the FDCPA, including but not limited to § 1692c(a)(2);

(b) sending a collection letter to plaintiff which fails to state that interest and/or other charges would continue to accrue on the balance of the debt, in violation of the FDCPA, including but not limited to §§ 1692g(a); 1692e(10) and 1692e(2)(A); and

(c) threatening to take an action not intended to be taken, in violation of the FDCPA, including but not limited to §§1692e(5) and 1692e(10).

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. § 1692k ; and

(d) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       April 22, 2009.

_____
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
fnplaw@aol.com

**EXHIBIT "1"**

# FAGENSON & PUGLISI
## ATTORNEYS AT LAW

450 SEVENTH AVENUE
SUITE 3302
NEW YORK, NEW YORK 10123

LAWRENCE M. FAGENSON
CONCETTA PUGLISI

NOVLETTE R. KIDD

TELEPHONE: (212) 268-2128
FAX: (212) 268-2127

November 13, 2006

Northland Group Inc.
P.O. Box 390846
Edina, MN 55439

Re: Stella L. Townsend
Previous Creditor: Sears
Current Creditor: LVNV Funding, LLC.
Northland Account #: F11877589
Original Account #: 5049940113799109

Dear Sir/Madam:

Please be advised that Fagenson & Puglisi represents Stella L. Townsend. Ms. Townsend disputes the debt you are attempting to collect.

Please provide this office with documentation supporting your claim. Do not contact our client directly. Delete or correct any negative entry which you may be reporting to the credit reporting agencies in accordance with the Fair Credit Reporting Act.

Please note that Fagenson & Puglisi is not authorized to accept Services of Progress on behalf of any client.

Should you have any questions please contact the undersigned.

Very truly yours,
FAGENSON & PUGLISI

CONCETTA PUGLISI

CP/mp
cc: Stella L. Townsend

**EXHIBIT "2"**


**Northland Group, Inc.**

November 22, 2006

Ms. Concetta Puglisi
Attorney at Law
450 Seventh Ave, Ste 3302
New York, NY 10123

Re: Stella Townsend
   Northland Group Inc. Account No: 11877589
   LVNV Funding, LLC Account No: 5049940113799109

Dear Ms. Puglisi,

Our client, LVNV Funding, LLC, placed the above referenced account for collections with the Northland Group Inc. on May 10th, 2006. The account was closed and returned to our client, LVNV Funding, LLC on November 21st, 2006.

The Northland Group Inc. has forwarded your letter to our client, LVNV Funding, LLC. For further information on the account, please contact LVNV Funding, LLC at PO Box 10466 Greenville, SC 29063 or 1-888-665-0374.

The Northland Group Inc. has ceased all collection efforts regarding the above referenced account.

Sincerely,

Shannon Bremer
Northland Group Inc.


Northland Group is also known as Northland Services. New York City Department of Consumer Affairs License #0992991.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is sent to you by the Northland Group, Inc., a debt collector and a member of ACA International.

**This collection agency is licensed by the Minnesota Department of Commerce.**

7831 Glenroy Road, Suite 250     Edina, Minnesota 55439     (952) 831-4005     fax: (952) 831-7356     toll free: (800) 800-8191

NGI Confidential


**EXHIBIT "3"**

#TY8C268774

PO Box 129
Linden MI 48451-0129
ADDRESS SERVICE REQUESTED

LEADING EDGE
RECOVERY SOLUTIONS

#BWNKGZZ
#TY8C268774#   5010181-00400
Stella Townsend
14406 116th Ave
Jamaica NY 11436-1340

LEADING EDGE RECOVERY SOLUTIONS, LLC
5440 N CUMBERLAND AVE STE 300
CHICAGO, IL 60656-1490

May 1, 2008

| Account #: | Client Reference #: | Balance: |
|---|---|---|
| 5010181 | 5049940113799109 | $9,119.03 |

Original Creditor: SEARS

*** Detach Upper Portion and Return with Payment ***

3081-LEAD1400TY8C268774

| Account #: | Client Reference #: | Balance: |
|---|---|---|
| 5010181 | 5049940113799109 | $9,119.03 |

Creditor: LVNV FUNDING LLC

Dear Stella Townsend,

Your delinquent SEARS account has been placed with our company for collections. We have been authorized to collect the outstanding amount owed.

We must determine whether you have willful intentions in resolving this indebtedness. Furthermore, we have been authorized to decide whether we should refer this matter to our client's attorney network for a review to determine whether legal action should be commenced against you.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

If you are not exercising, and do not plan on exercising, the aforementioned rights as afforded by 15 U.S.C. §1692g(a), and have no claims there under, we hereby demand that you remit payment in full within 30 days of receiving this notice to prevent the possibility of your account being sent for a legal review.

To discuss your account, call us at (800) 663-4707.

Sincerely,

Collections Department
(800) 663-4707 Ext. 2036

**Hours of Operation:**
Monday-Thursday 8:00am - 9:00 pm CST / Friday 8:00 am - 5:00 pm CST / Saturday 8:00 am - 12 Noon CST

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This information is from a debt collector.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**