UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STELLA L. TOWNSEND, on behalf of
herself and all others similarly situated.

          Plaintiff,

v.

LVNV FUNDING, LLC., AND
LEADING EDGE RECOVERY
SOLUTIONS, LLC,

          Defendants.

COURT FILE NO.: CV 09 1656

JUDGE MATSUMOTO

MAGISTRATE GOLD

---

## ANSWER OF LVNV FUNDING, LLC

Defendant LVNV Funding, LLC ("LVNV") as and for its Answer to the Complaint of Stella L. Townsend ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to paragraph 1 of Plaintiff's Complaint, LVNV admits that Plaintiff has brought the instant action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies that it violated any law.

2. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 2 of Plaintiff's Complaint and therefore denies the same and puts Plaintiffs to her strictest burden of proof thereof.

3. LVNV denies the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint and therefore denies the same and puts Plaintiffs to her strictest burden of proof thereof.

5. In response to paragraph 5 of Plaintiff's Complaint, LVNV admits that the statutes referenced confer jurisdiction upon this Honorable Court but denies that jurisdiction is proper as it has not violated any law. LVNV further denies that venue is appropriate.

6. In response to paragraph 6 of Plaintiff's Complaint, LVNV restates and realleges paragraph 1 through 5 of this Answer.

7. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint and therefore denies the same and puts Plaintiffs to her strictest burden of proof thereof.

8. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 8 of Plaintiff's Complaint and therefore denies the same and puts Plaintiffs to her strictest burden of proof thereof.

9. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint and therefore denies the same and puts Plaintiffs to her strictest burden of proof thereof.

10. LVNV denies the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. LVNV denies the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. In response to paragraph 12 of Plaintiff's Complaint, LVNV restates and realleges paragraph 1 through 11 of this Answer.

13. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 13 of Plaintiff's Complaint and therefore denies the same and puts Plaintiffs to her strictest burden of proof thereof.

14. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint and therefore denies the same and puts Plaintiffs to her strictest burden of proof thereof.

15. In response to paragraph 15 of Plaintiff's Complaint, LVNV restates and realleges paragraph 1 through 14 of this Answer.

16. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint and therefore denies the same and puts Plaintiffs to her strictest burden of proof thereof.

17. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's Complaint and therefore denies the same and puts Plaintiffs to her strictest burden of proof thereof.

18. In response to paragraph 18 of Plaintiff's Complaint, LVNV restates and realleges paragraph 1 through 17 of this Answer.

19. In response to paragraph 19 of Plaintiff's Complaint, LVNV admits that Plaintiff brings this matter on behalf of a putative class against Leading Edge, but denies

that Plaintiff asserts a class against it and denies that such a class exists, if Plaintiff intends to assert a class against it.

20.   LVNV denies the allegations set forth in paragraph 20 of Plaintiff's Complaint, and all its subparts, to the extent they are asserted against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

21.   LVNV denies the allegations set forth in paragraph 21 of Plaintiff's Complaint, to the extent they are asserted against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

22.   LVNV denies the allegations set forth in paragraph 22 of Plaintiff's Complaint, to the extent they are asserted against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

23.   LVNV denies the allegations set forth in paragraph 23 of Plaintiff's Complaint, to the extent they are asserted against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

24.   LVNV denies the allegations set forth in paragraph 24 of Plaintiff's Complaint, to the extent they are asserted against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

25. LVNV denies the allegations set forth in paragraph 25 of Plaintiff's Complaint, and all its subparts, to the extent they are asserted against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the FDCPA, which LVNV denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### THIRD DEFENSE

LVNV further asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b).

### FOURTH DEFENSE

Plaintiff suffered no damage from the alleged violations of the Fair Debt Collection Practices Act by LVNV, which LVNV denies, and therefore is not entitled to any award of damages, attorney fees or costs.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of LVNV.

**WHEREFORE,** LVNV prays for an order and judgment of this Court in its favor against Plaintiffs as follows:

1. Dismissing all causes of action against LVNV with prejudice and on the merits; and,

2. Awarding LVNV such other and further relief as the Court deems just and equitable.

Dated: New York, New York
       May 26, 2009

TROUTMAN SANDERS LLP

*/s/ Christina H. Bost Seaton*
Christina H. Bost Seaton
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000 (phone)
(212) 704-6288 (fax)

Attorneys for Defendant LVNH